## JOHN WAGNER

*vs.*

## STATE OF MARYLAND.

*Witnesses: recalling—; discretion of Court.  Election frauds:
recount of ballots; evidence.  Evidence: rejection of
correct—; when not reversible error.*

It is discretionary with the trial court whether or not a witness may be recalled after having been examined in chief, cross-examined and dismissed.                              p. 562

In the trial of election officials for unlawful neglect in the counting of ballots, exceptions because certain voters were allowed to testify as to others having voted and how, can not be sustained, where the actual ballots cast were subsequently inspected and counted by the jury.                          p. 562

But evidence of that character presented after the ballot boxes were opened after the order of the Court, is secondary evidence and inadmissible.                              p. 562

Refusal to allow a witness to answer certain questions can not present reversible error where the exceptant, in other testimony, has full benefit of the fact he sought to prove.     p. 563

*Decided January 22nd, 1913.*

Appeal from the Criminal Court of Baltimore City (EL-LIOTT, J.).

The facts are stated in the opinion of the Court.

The cause was argued (together with *Cochran v. State*, and *Smith v. State*) before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON and STOCKBRIDGE, JJ.

*Edward L. Ward* and *Harry B. Wolf,* for the appellant.

*Roland R. Marchant, William F. Broening* and *Edgar Allan Poe, the Attorney-General,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This case was submitted and argued with the case of *Cochran* v. *State, ante,* page 539, and as most of the questions and points presented on the record now before us, were fully considered and disposed of in the opinion filed, in the *Cochran Case,* it will not be necessary for us to review and discuss those questions again in this case.

The traverser here was indicted in the Criminal Court of Baltimore for a violation of the State Primary Election Law. He was acquitted on the first eight counts of the indictment, and convicted on the ninth and tenth counts thereof and recommended by the jury to the mercy of the Court. He was sentenced on the 22nd of August, 1912, to two years and six months in jail, and fined five hundred dollars and costs. From this judgment he has taken this appeal.

The questions presented arise upon a demurrer to the indictment, and upon the rulings of the Court below upon various motions, interposed during the course of the trial and upon rulings on evidence, as set out in the several bills of exceptions in the record.

The questions raised on the first, second, fifth, sixth, seventh, eighth, eleventh, twelfth, twenty-first, twenty-second, twenty-sixth and twenty-seventh exceptions are identical with those passed upon by us in the case of *Cochran* v. *State,* and for the reasons stated in the opinion in that case, our conclusions there will be re-affirmed and applied here.

There was no error in the rulings of the Court, upon the third and fourth exceptions, in this case.

Mr. John B. A. Wheltle, the president of the Board of Police Commissioners of the City of Baltimore, was called as a witness, upon the part of the traverser, to sustain the

motion to quash the indictment upon the ground that certain persons, other than the grand jurors, were improperly in the grand jury room while they were considering the charges covered by this indictment.

Mr. Wheltle upon cross-examination testified "That . he was before the Grand Jury in response to an order of Court as a witness, and was custodian of the ballot boxes representing the Board of Police Commissioners, and that he had nothing else to do in the room, and was simply there while the Grand Jury was inspecting the contents of the boxes and during the time he was in the Grand Jury room they did not do anything else, except to inspect the ballots in the ballot box which had been produced, and this was the first box to be inspected, and that he thinks this was sometime about the 15th of September, although he did not know when, and that it could not have been as late as the last day of September."

Upon re-direct examination he was asked the following questions:

"Q. Did you or not hear the members of the Grand Jury during the time you were present on this particular occasion discuss the count of the ballots?

Q. What discussion, if any, did you hear by the members of the Grand Jury during the count of the ballots of the Eighth Precinct of the Twenty-third Ward?"

The Court below, we think, properly sustained the State's objection to the questions and refused to permit the witness to answer them. .

The evidence sought to be elicited from this witness was entirely immaterial and irrelevant. There was no evidence to show that either the presentment or indictment was based solely upon the count of the ballots. We held, in *Cochran v. State, Supra,* that the presence of Mr. Wheltle, in the Grand Jury room, under an order of Court, would not vitiate the indictment, under the facts of that case. We find nothing on the record, in this case, to show, that the traverser was in any way injured or prejudiced by the presence of

either Messrs. Wheltle or Nice in the jury room or that the well-settled methods and safeguards, surrounding Grand Jury deliverations were violated or abused, in this respect.

The ninth exception relates to the ruling of the Court, in permitting the witness Staehline to be recalled by the State, upon objection of the traverser, after having been examined in chief, cross-examined by the traverser and dismissed as a witness.

This was a matter clearly within the discretion of the trial Court and need not be further considered.

The answer of the witness North, to the question, objected to in the tenth exception, could not in any way have injured the traverser, and if error, at all, it is manifestly not injurious error.

The thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth and nineteenth exceptions were to the ruling of the Court, in permitting certain voters of the Eighth Precinct of the Twenty-third Ward to testify that they voted for Thomas F. McNulty, for the nomination for the office of sheriff of Baltimore, at the primary election on the 29th day of August, 1911.

As the ballots in this case were subsequently inspected and counted by the jury, it is difficult to see in what way the traverser could have been prejudiced by the admission of this testimony, and we find no error on either of these exceptions.

The motion to exclude the testimony of the witnesses, who testified as to how they voted at the primary as set out in the twentieth exception, because the evidence was secondary, and was presented after the opening of the ballot box by the Court, was for the reason stated properly overruled.

The twenty-third, twenty-fourth and twenty-fifth exceptions contain the ruling of the Court in refusing to permit the witness Wagner, the traverser, to answer the following questions propounded, on his examination in chief:

"Q. Mr. Wagner, I want you to tell the jury whether or not in calling the ballots as voted you properly or improperly called the names voted for on the ballot.

Q. Tell us whether or not at the time you signed the tally sheets made up by the clerks, you had any knowledge that the tally sheets did not contain any votes for Mr. McNulty."

These were undoubtedly proper questions and it would have been error to have sustained the State's objections to them, but for the fact, that the traverser had in his previous testimony fully answered them and he had the benefit of the answers to the questions and the testimony before the jury, and was not therefore injured by these rulings.  He also had the benefit of the testimony which was stricken out by the Court in granting the State's motion in the twenty-fourth exception and consequently his case was not prejudiced by this ruling.

This brings us to the twenty-eighth exception, which embraces the instruction of the Court to the jury, at the close of the case.  This instruction covers four pages of the record and is open to a number of objections stated by us in the Cochran Case.  It is not materially different from the instruction in that case, *supra,* and constitutes reversible error.

The rulings of the Court upon the demurrer, and upon the various motions to quash were discussed and passed upon by us in the Cochran Case, and as they apply here need not be further considered in this appeal.

For the reasons stated herein and for the further reasons stated in the opinion in the case of *Cochran* v. *State,* the judgment will be reversed and a new trial awarded.

*Judgment reversed and a new trial awarded.*